```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JUAN ALBERTO ULLOA MAYORGA,              :
                                           :
                Plaintiff,                 :
                                           :   **MEMORANDUM DECISION AND**
           - against -                     :   **ORDER**
                                           :
                                           :   22-cv-6463 (BMC)
  MERSEYSIDE CORP. and FRANCISCO           :
  LESTON,                                  :
                                           :
                Defendants.                :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff has moved for a default judgment against the corporate defendant and its individual owner/manager for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding provisions of the New York Labor Law. Plaintiff alleges that defendants failed to pay him minimum and overtime wages, and failed to provide him with a wage notice and wage statements required by state law. For the following reasons, the motion is granted in part and denied in part.

The record reflects that both defendants were properly served but have not answered. Well after the Clerk entered their default, defendants moved *pro se* for additional time to find an attorney and oppose the motion for a default judgment. The Court granted this motion. Several weeks later, defendants *pro se* asked for more time to find an attorney because they lacked sufficient resources to hire one. The Court denied that motion because it gave no indication that defendants' resources would increase enough to allow them to hire an attorney. However, the Court noted that if an attorney appeared for them before the Court had the opportunity in the ordinary course to issue an opinion on the motion for a default judgment, it would consider

extending the time to vacate the default or oppose the default judgment motion. That was months ago and defendants have not been heard from since. Therefore, the motion is ripe for decision.

When a defendant defaults, the court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law. Id. Here, those requirements are met.

The well-pleaded allegations in the complaint meet the requirements of the FLSA. See 29 U.S.C. §§ 206(a), 207(a)(1); see also Guerrero v. Danny's Furniture Inc., No. 19-cv-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the complaint's allegations constitute violations of the minimum wage and overtime provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1), 255(a); Guerrero, 2021 WL 4155124, at *2, and that plaintiff has adequately pled individual liability.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The court may determine that there is a sufficient evidentiary basis for the damages sought by the plaintiff by reviewing

affidavits and other documentary evidence.  See Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234.

Plaintiff requests an award of monetary damages in the amount of $4200 for unpaid minimum wages and $10,125 in unpaid overtime.  In support of this request, plaintiff has submitted a spreadsheet that takes the factual allegations in the complaint as to the dates and hours that plaintiff worked and the amounts he was paid and calculates the total amounts owed.[1]  The Court finds that this proof is sufficient to establish damages to a reasonable certainty and no further hearing is required.  In addition, plaintiff is also entitled to liquidated damages equal to the total of his unpaid minimum wages and overtime, that is, $14,325.

I reject plaintiff's claims for damages under the wage notice and wage statement provisions of NYLL § 195(1) and § 195(3).  These provisions provide for a statutory penalty for the failure to give proper notices, but the penalty bears no relation to any actual and concrete injury that plaintiff has suffered as a result of their violation, and, indeed, plaintiff alleges none.  As this Court and others have held, the lack of an actual and concrete injury means that plaintiff lacks standing to pursue these claims in federal court.  See e.g. Defendant Soto Soto v. Julio H. Baez Lolo Grocery Corp., No. 22-cv-700 (E.D.N.Y. Dec. 14, 2022); Deng v. Frequency Electronics, Inc., __ F. Supp. 4th __, No. 21-cv-6081, 2022 WL 16923999 (E.D.N.Y. Nov. 14, 2022).  Those claims, therefore, are dismissed without prejudice to asserting them in state court.

---

[1] Plaintiff claims to have worked 26.71 in his memorandum of law in support of the motion, but there are less than 26 weeks between February 1, 2022 and July 31, 2022 (the dates alleged).  However, plaintiff uses the right number of weeks (25.71) in his damages chart.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment against defendants, jointly and severally, in the amount of $28,650.00.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       May 7, 2023

4